MINAMI TAMAKI LLP
JACK W. LEE, Cal. Bar No. 71626
jlee@minamitamaki.com
SEAN TAMURA-SATO, Cal. Bar No. 254092
stamura-sato@minamitamaki.com
360 Post Street, 8th Floor
San Francisco, California 94108
Telephone:     (415) 788-9000
Facsimile:      (415) 398-3887

ALBERT J. KUTCHINS, Cal. Bar No. 102322
ajkutchins@earthlink.net
Post Office Box 5138
Berkeley, California 94705
Telephone:     (510) 841-5635
Facsimile:      (510) 841-8115

Attorneys for Plaintiff and the Putative Class

JACKSON LEWIS LLP
CARY G. PALMER, Cal. Bar No. 186601
palmerc@jacksonlewis.com
ROBERT J. SCHNACK, Cal. Bar No. 191987
schnackr@jacksonlewis.com
RANDALL J. HAKES, Cal. Bar No. 233548
hakesr@jacksonlewis.com
801 K Street, Suite 2300
Sacramento, California 95814
Telephone:     (916) 341-0404
Facsimile:      (916) 341-0141

Attorneys for Defendants
WILLIAMS TANK LINES,
MICHAEL WILLIAMS and MARK LILL

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| RONNIE BROOKS, on behalf of himself and others similarly situated,<br><br>        Plaintiff,<br><br>       v.<br><br>WILLIAMS TANK LINES, a California corporation; MICHAEL WILLIAMS, an individual; MARK LILL, an individual, and DOES 1 through 50,<br><br>        Defendants. | Case No.  CV 10-1404 WHA<br><br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br>Complaint Filed:    April 2, 2010<br>Trial Date:           October 31, 2011 |

1

1.     **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.     **DEFINITIONS**

**2.1 Challenging Party:** a Party or Non-Party that challenges the designation of information or items under this Order.

**2.2 "CONFIDENTIAL" Information or Items:** information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

**2.3 Counsel (without qualifier):** Outside Counsel of Record and House Counsel (as well as their support staff).

**2.4 Designated House Counsel:** House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

**2.5 Designating Party:** a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**2.6 Disclosure or Discovery Material:** all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things,

testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**2.7 Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

**2.8 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:** extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

**2.9 "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items:** extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

**2.10 House Counsel:** attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.11 Non-Party:** any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.12 Outside Counsel of Record:** attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

**2.13 Party:** any Party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

3

1    **2.14 Producing Party:** a Party or Non-Party that produces Disclosure or

2    Discovery Material in this action.

3    **2.15 Professional Vendors:** persons or entities that provide litigation support

4    services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

5    organizing, storing, or retrieving data in any form or medium) and their employees and

6    subcontractors.

7    **2.16 Protected Material:** any Disclosure or Discovery Material that is designated

8    as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

9    **2.17 Receiving Party:** a Party that receives Disclosure or Discovery Material from

10   a Producing Party.

11   **3.      SCOPE**

12   The protections conferred by this Stipulation and Order cover not only Protected

13   Material (as defined above), but also (1) any information copied or extracted from Protected

14   Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any

15   testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected

16   Material. However, the protections conferred by this Stipulation and Order do not cover the

17   following information: (a) any information that is in the public domain at the time of disclosure to

18   a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party

19   as a result of publication not involving a violation of this Order, including becoming part of the

20   public record through trial or otherwise; and (b) any information known to the Receiving Party

21   prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

22   obtained the information lawfully and under no obligation of confidentiality to the Designating

23   Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

24   **4.      DURATION**

25   Even after final disposition of this litigation, the confidentiality obligations

26   imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing

27   or a court order otherwise directs. Final disposition shall be deemed to be the later of

28   (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final

1  judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or

2  reviews of this action, including the time limits for filing any motions or applications for

3  extension of time pursuant to applicable law.

4  **5.   DESIGNATING PROTECTED MATERIAL**

5  **5.1 Exercise of Restraint and Care in Designating Material for Protection:**

6  Each Party or Non-Party that designates information or items for protection under this Order must

7  take care to limit any such designation to specific material that qualifies under the appropriate

8  standards. To the extent it is practical to do so, the Designating Party must designate for

9  protection only those parts of material, documents, items, or oral or written communications that

10  qualify – so that other portions of the material, documents, items, or communications for which

11  protection is not warranted are not swept unjustifiably within the ambit of this Order.

12  Mass, indiscriminate, or routinized designations are prohibited. Designations that

13  are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

14  unnecessarily encumber or retard the case development process or to impose unnecessary

15  expenses and burdens on other parties) expose the Designating Party to sanctions.

16  If it comes to a Designating Party's attention that information or items that it

17  designated for protection do not qualify for protection at all or do not qualify for the level of

18  protection initially asserted, that Designating Party must promptly notify all other parties that it is

19  withdrawing the mistaken designation.

20  **5.2 Manner and Timing of Designations:** Except as otherwise provided in this

21  Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

22  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

23  designated before the material is disclosed or produced.

24  Designation in conformity with this Order requires:

25  (a) for information in documentary form (e.g., paper or electronic

26  documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the

27  Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

28  ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or

5

portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked,

1    that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

2    – ATTORNEYS' EYES ONLY."

3            Parties shall give the other parties notice if they reasonably expect a

4    deposition, hearing, or other proceeding to include Protected Material so that the other parties can

5    ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to

6    Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a

7    deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

8    CONFIDENTIAL – ATTORNEYS' EYES ONLY."

9            Transcripts containing Protected Material shall have an obvious legend on

10   the title page that the transcript contains Protected Material, and the title page shall be followed

11   by a list of all pages (including line numbers as appropriate) that have been designated as

12   Protected Material and the level of protection being asserted by the Designating Party. The

13   Designating Party shall inform the court reporter of these requirements. Any transcript that is

14   prepared before the expiration of a 21-day period for designation shall be treated during that

15   period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

16   in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be

17   treated only as actually designated.

18            (c) for information produced in some form other than documentary and for

19   any other tangible items, that the Producing Party affix in a prominent place on the exterior of the

20   container or containers in which the information or item is stored the legend "CONFIDENTIAL"

21   or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions

22   of the information or item warrant protection, the Producing Party, to the extent practicable, shall

23   identify the protected portion(s) and specify the level of protection being asserted.

24        **5.3 Inadvertent Failures to Designate:** If timely corrected, an inadvertent failure

25   to designate qualified information or items does not, standing alone, waive the Designating

26   Party's right to secure protection under this Order for such material. Upon timely correction of a

27   designation, the Receiving Party must make reasonable efforts to assure that the material is

28   treated in accordance with the provisions of this Order.

7

6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**6.1 <u>Timing of Challenges</u>:** Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2 <u>Meet and Confer</u>:** The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

**6.3 <u>Judicial Intervention</u>:** If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to

1 make such a motion including the required declaration within 21 days (or 14 days, if applicable)

2 shall automatically waive the confidentiality designation for each challenged designation. In

3 addition, the Challenging Party may file a motion challenging a confidentiality designation at any

4 time if there is good cause for doing so, including a challenge to the designation of a deposition

5 transcript or any portions thereof. Any motion brought pursuant to this provision must be

6 accompanied by a competent declaration affirming that the movant has complied with the meet

7 and confer requirements imposed by the preceding paragraph.

8         The burden of persuasion in any such challenge proceeding shall be on the

9 Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or

10 impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to

11 sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a

12 motion to retain confidentiality as described above, all parties shall continue to afford the material in

13 question the level of protection to which it is entitled under the Producing Party's designation until the

14 court rules on the challenge.

15     **7.**    **ACCESS TO AND USE OF PROTECTED MATERIAL**

16         **7.1 Basic Principles:** A Receiving Party may use Protected Material that is

17 disclosed or produced by another Party or by a Non-Party in connection with this case only for

18 prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

19 disclosed only to the categories of persons and under the conditions described in this Order.

20 When the litigation has been terminated, a Receiving Party must comply with the provisions of

21 section 15 below (FINAL DISPOSITION).

22         Protected Material must be stored and maintained by a Receiving Party at a

23 location and in a secure manner that ensures that access is limited to the persons authorized under

24 this Order.

25         **7.2 Disclosure of "CONFIDENTIAL" Information or Items:** Unless otherwise

26 ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

27 disclose any information or item designated "CONFIDENTIAL" only to:

28

1    (a) the Receiving Party's Outside Counsel of Record in this action, as well

2    as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose

3    the information for this litigation and who have signed the "Acknowledgment and Agreement to

4    Be Bound" that is attached hereto as Exhibit A;

5    (b) the officers, directors, and employees (including House Counsel) of the

6    Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

7    signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

8    (c) Experts (as defined in this Order) of the Receiving Party to whom

9    disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

10    and Agreement to Be Bound" (Exhibit A);

11    (d) the court and its personnel;

12    (e) court reporters and their staff, professional jury or trial consultants, and

13    Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

14    signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

15    (f) during their depositions, witnesses in the action to whom disclosure is

16    reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

17    (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of

18    transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

19    separately bound by the court reporter and may not be disclosed to anyone except as permitted

20    under this Stipulated Protective Order.

21    (g) the author or recipient of a document containing the information or a

22    custodian or other person who otherwise possessed or knew the information.

23    **7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES**

24    **ONLY" Information or Items:** Unless otherwise ordered by the court or permitted in writing by

25    the Designating Party, a Receiving Party may disclose any information or item designated

26    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

27    (a) the Receiving Party's Outside Counsel of Record in this action, as well

28    as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose

the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

       (b) Designated House Counsel of the receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit a), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed;

       (c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

       (d) the court and its personnel;

       (e) court reporters and their staff, professional jury, trial consultants, mock jurors and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

       (f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**7.4** **Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel or Experts:**

       (a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.

1            (a)(2) Unless otherwise ordered by the court or agreed to in writing by the

2    Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any

3    information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

4    EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating

5    Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS'

6    EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert,

7    (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3)

8    attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5)

9    identifies each person or entity from whom the Expert has received compensation or funding for

10   work in his or her areas of expertise or to whom the expert has provided professional services,

11   including in connection with a litigation, at any time during the preceding five years,[1] and (6)

12   identifies (by name and number of the case, filing date, and location of court) any litigation in

13   connection with which the Expert has offered expert testimony, including through a declaration,

14   report, or testimony at a deposition or trial, during the preceding five years.

15           (b) A Party that makes a request and provides the information specified in

16   the preceding respective paragraphs may disclose the subject Protected Material to the identified

17   Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party

18   receives a written objection from the Designating Party. Any such objection must set forth in

19   detail the grounds on which it is based.

20           (c) A Party that receives a timely written objection must meet and confer

21   with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

22   agreement within seven days of the written objection. If no agreement is reached, the Party

23   seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as

24   provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)

25   seeking permission from the court to do so. Any such motion must describe the circumstances

26   with specificity, set forth in detail the reasons why disclosure to Designated House Counsel or the

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

12

1   Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and

2   suggest any additional means that could be used to reduce that risk. In addition, any such motion

3   must be accompanied by a competent declaration describing the parties' efforts to resolve the

4   matter by agreement (i.e., the extent and the content of the meet and confer discussions) and

5   setting forth the reasons advanced by the Designating Party for its refusal to approve the

6   disclosure.

7           In any such proceeding, the Party opposing disclosure to Designated House

8   Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure

9   would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose

10   the Protected Material to its Designated House Counsel or Expert.

11       **8.**    **PROSECUTION BAR**

12           Absent written consent from the Producing Party, any individual who receives

13   access to "HIGHTLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall not

14   be involved in the prosecution of patents or patent applications relating to [insert subject matter of

15   the invention and of highly confidential technical information to be produced], including without

16   limitation the patents asserted in this action and any patent or application claiming priority to or

17   otherwise related to the patents asserted in this action, before any foreign or domestic agency,

18   including the United States Patent and Trademark Office ("the Patent Office"). For purposes of

19   this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or

20   otherwise affecting the scope or maintenance of patent claims. To avoid any doubt,

21   "prosecution" as used in this paragraph does not include representing a party challenging a patent

22   before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte*

23   reexamination or *inter parties* reexamination). This Prosecution Bar shall begin when access to

24   "HIGHLY CONFIDENTIAL – ATTORNEY' EYES ONLY" or "HIGHLY CONFIDENTIAL –

25   SOURCE CODE" information is first received by the affected individual and shall end two (2)

26   years after final termination of this action.

27   ///

28   ///

9.   **SOURCE CODE**

(a) To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b) Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of Designated House Counsel.

(c) Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location.  The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d) The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance.  The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE."  The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 where by the Producing Party is the

14

1  "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute

2  resolution.

3         (e) The Receiving Party shall maintain a record of any individual who has

4  inspected any portion of the source code in electronic or paper form. The Receiving Party shall

5  maintain all paper copies of any printed portions of the source code in a secured, locked area.

6  The Receiving Party shall not create any electronic or other images of the paper copies and shall

7  not convert any of the information contained in the paper copies into any electronic format. The

8  Receiving Party shall only make additional paper copies if such additional copies are (1)

9  necessary to prepare court filings, pleadings, or other papers (including a testifying expert's

10  expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its

11  case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the

12  end of each day and must not be given to or left with a court reporter or any other individual.

13      **10.**    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED**

14  **IN OTHER LITIGATION**

15         If a Party is served with a subpoena or a court order issued in other litigation that

16  compels disclosure of any information or items designated in this action as "CONFIDENTIAL"

17  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

18         (a) promptly notify in writing the Designating Party. Such notification shall

19  include a copy of the subpoena or court order;

20         (b) promptly notify in writing the party who caused the subpoena or order

21  to issue in the other litigation that some or all of the material covered by the subpoena or order is

22  subject to this Protective Order. Such notification shall include a copy of this Stipulated

23  Protective Order; and

24         (c) cooperate with respect to all reasonable procedures sought to be

25  pursued by the Designating Party whose Protected Material may be affected.[2]

26

27

28  _____

[2] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

*Brooks v. Williams Tank Lines, et al.*
USDC ND Case No. CV-10-1404-WHA

1    If the Designating Party timely seeks a protective order, the Party served

2   with the subpoena or court order shall not produce any information designated in this action as

3   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a

4   determination by the court from which the subpoena or order issued, unless the Party has obtained

5   the Designating Party's permission. The Designating Party shall bear the burden and expense of

6   seeking protection in that court of its confidential material – and nothing in these provisions

7   should be construed as authorizing or encouraging a Receiving Party in this action to disobey a

8   lawful directive from another court.

9    **11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

10  **PRODUCED IN THIS LITIGATION**

11    (a) The terms of this Order are applicable to information produced by a Non-Party

12  in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

13  ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with

14  this litigation is protected by the remedies and relief provided by this Order. Nothing in these

15  provisions should be construed as prohibiting a Non-Party from seeking additional protections.

16    (b) In the event that a Party is required, by a valid discovery request, to produce a

17  Non-Party's confidential information in its possession, and the Party is subject to an agreement

18  with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

19    1.  promptly notify in writing the Requesting Party and the Non-Party that

20  some or all of the information requested is subject to a confidentiality agreement with a

21  Non-Party;

22    2.  promptly provide the Non-Party with a copy of the Stipulated Protective

23  Order in this litigation, the relevant discovery request(s), and a reasonably specific description of

24  the information requested; and

25    3.    make the information requested available for inspection by the

26  Non-Party.

27    (c) If the Non-Party fails to object or seek a protective order from this court within

28  14 days of receiving the notice and accompanying information, the Receiving Party may produce

16

1   the Non-Party's confidential information responsive to the discovery request. If the Non-Party

2   timely seeks a protective order, the Receiving Party shall not produce any information in its

3   possession or control that is subject to the confidentiality agreement with the Non-Party before a

4   determination by the court.[3]  Absent a court order to the contrary, the Non-Party shall bear the

5   burden and expense of seeking protection in this court of its Protected Material.

6          **12.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

7                  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

8   Protected Material to any person or in any circumstance not authorized under this Stipulated

9   Protective Order, the Receiving Party must immediately (a) notify in writing the Designating

10  Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of

11  the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

12  made of all the terms of this Order, and (d) request such person or persons to execute the

13  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

14         **13.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

15  **PROTECTED MATERIAL**

16                 When a Producing Party gives notice to Receiving Parties that certain

17  inadvertently produced material is subject to a claim of privilege or other protection, the

18  obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure

19  26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in

20  an e-discovery order that provides for production without prior privilege review. Pursuant to

21  Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of

22  disclosure of a communication or information covered by the attorney-client privilege or work

23  product protection, the parties may incorporate their agreement in the stipulated protective order

24  submitted to the court.

25  ///

26  ///

27

28  _____
    [3]  The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

14.    **MISCELLANEOUS**

**14.1 <u>Right to Further Relief</u>:** Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

**14.2 <u>Right to Assert Other Objections</u>:** By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**14.3 <u>Export Control</u>:** Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

**14.4 <u>Filing Protected Material</u>:** Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

///

///

///

18

**15.   FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

///
///
///
///
///
///
///
///
///
///
///
///

**IT IS SO STIPULATED, BY AND THROUGH COUNSEL OF RECORD.**

Date: 11/12/10

MINAMI TAMAKI LLP

By: _____
JACK W. LEE
SEAN TAMURA-SATO

Date: 11/12/10

By: _____
ALBERT J. KUTCHINS

Attorney for Plaintiff and the Putative Class

Date: 11/16/10

JACKSON LEWIS LLP

By: _____
CARY G. PALMER
ROBERT J. SCHNACK
RANDALL J. HAKES

Attorney for Defendants
WILLIAMS TANK LINES,
MICHAEL WILLIAMS and MARK LILL

Except that in clauses 6.3 and 7.4(c), the parties must file a letter brief pursuant to the standing order of the undersigned (*see* Dkt. No. 23 at ¶ 25), rather than a noticed motion, **PURSUANT TO THE ABOVE STIPULATION, IT IS SO ORDERED.**

Dated: November 22, 2010.

_____
WILLIAM H. ALSUP
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RONNIE BROOKS, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAMS TANK LINES, a California corporation; MICHAEL WILLIAMS, an individual; MARK LILL, an individual, and DOES 1 through 50,<br><br>Defendants. | Case No.  CV 10-1404<br><br>**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Northern District of

California on _____ [date] in the case of Brooks v. Williams Tank Lines, *et al.*  I

agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

///

///

///

*Brooks v. Williams Tank Lines, et al.*
USDC ND Case No. CV-10-1404-WHA

1    I hereby appoint _____ [print or type full name] of

2    _____ [print or type full address and telephone

3    number] as my California agent for service of process in connection with this action or any

4    proceedings related to enforcement of this Stipulated Protective Order.

5    I declare under penalty of perjury under the laws of the United States and the State

6    of California that the foregoing is true and correct.

7    Executed this ____ day of _____, 20___, at _____.

8

9    _____

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Joint Stipulation And [Proposed] Protective Order

*Brooks v. Williams Tank Lines, et al.*
USDC ND Case No. CV-10-1404-WHA