**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RONNIE BROOKS, on behalf of himself
and others similarly situated,

    Plaintiff,

  v.

WILLIAMS TANK LINES, MICHAEL
WILLIAMS, and MARK LILL,

    Defendants.
                               /

No. C 10-01404 WHA

**NOTICE OF RECEIPT OF OBJECTION FROM DOUGLAS C. ROBERTS**

      The appended letter objecting to the class action settlement was received yesterday from Douglas C. Roberts. As it is unclear from the letter whether copies were served on counsel, this notice is filed for sake of completeness of the record. Before the settlement will be approved, Mr. Roberts' objection must be addressed.

Dated: August 17, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

TO: Honorable Judge William Alsup,
United States District Court - Northern District of California,
San Francisco Division,
450 Golden Gate Ave,
San Francisco, CA
94102

FROM: Douglas C. Roberts, Plaintiff, Class Action.

August 10, 2011

re: Case No. 10-cv-1404, RONNIE BROOKS, Plaintiff, v. WILLIAMS TANK LINES, et al, Defendant.

Dear Judge Alsup,

I am writing in regard to the above mentioned case. I have comments about this case and would like a number of issues to be addressed. I am not an attorney nor an expert on the law but an ordinary individual involved in this case.

1. The attorneys fees, costs, expenses, penalties, fines, etc., should be paid separately and not out of the payment or settlement to the drivers and former drivers of Williams Tank Lines. The reason for this is that there is limited ability for potential full recovery and a great deal of monetary loss has taken place both within lawsuit and outside of this lawsuit, the years before it and the years after it, so the current monetary losses should be minimized however possible.

2. Every driver should be paid the maximum amount possible, meaning the settlement should be divided between all the drivers involved so that each driver gets the maximum amount payable for the time that they worked for the company. Meaning, a driver that worked there for a number of years but was covered for only part of the time covered by the lawsuit would get the same portion and payment, as much as possible, as a driver that worked there for the entire time covered by the lawsuit. The reason for this is because the settlement amount is so low, because of the limited amount of time that this lawsuit covered and the amount of money lost by the drivers as a result of the actions by the defendant Williams Tank Lines, Michael Williams, Mark Lill, et al.

3. I would like to propose an alternate settlement option. Since the current settlement is so low, about 6.8 per cent of the potential full recovery, I propose something more equitable considering the circumstances of this situation and this lawsuit. Specifically, the company, Williams Tank Lines, should be seized in its entirety from Michael Williams, Mark Lill, et al, and ownership should be transferred to a trust or receivership for members of the class action. The company would then be placed under new management. Each member of the class action would then be given an award share based upon the amount of their individual loss. Then the company, under new management, will work out a payment plan with the members of the class action, with the goal being to pay the maximum amount possible while maintaining the long term viability of the company no longer owned by Michael Williams, Mark Lill, et al. This would be similar to dividends paid in an investment situation. The point of this would be to ensure that the company does not go into bankruptcy, the drivers are compensated for their losses as much as possible, and the company and Michael Williams, Mark Lill, et al, are not able to minimize or not fulfill the obligations of this case. While this is happening and after

it happens the defendants in this case should be legally barred from competing with the formerly Williams Tank Lines and barred from starting, running or working for any transportation company for ten years or more. They should further be required to pay the legal fees, costs, fines, etc., from their personal net worth in a separate settlement of this case.

Finally, I would like to and intend to attend, appear, and/or speak at the hearing in which any settlement or matter of the case will be discussed currently scheduled for September 28, 2011.

Respectfully,

*[signature]*

Douglas Cameron Roberts
DOB: 07-25-1967
Dates of Employment: 02/2002-9/2006.


Doug Roberts
PO Box 111222
Campbell, CA
95011
408-466-8147



Mr Douglas G Roberts
PO Box 111222
Campbell, CA 95011-1222

Honorable Judge William Alsup
USDistrict Court - Northern District
of California, San Francisco Division
450 Golden Gate Ave
San Francisco, CA
94102