UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RONNIE BROOKS, on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>WILLIAMS TANK LINES, a California corporation; MICHAEL WILLIAMS, an individual; MARK LILL, an individual; and DOES 1 through 50, inclusive<br><br>    Defendants. | Case No. 10-CV-1404 WHA<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CLASS REPRESENTATIVE SERVICE AWARD, ORDERING ATTORNEYS' FEES AND COSTS, AND JUDGMENT**<br><br>Date:    September 28, 2011<br>Time:    2:00 p.m.<br>Courtroom:  9<br>Judge:  Honorable William H. Alsup |

1

[Proposed] Order Granting Final Approval of Class Action Settlement,
Class Representative Enhancement Award, Ordering Attorneys' Fees and Costs, and Judgment

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

Before the Court is Plaintiff's Notice of Motion and Motion for Final Approval of Class and Collective Action Settlement and Plaintiff's Notice of Motion and Motion for Award of Attorneys' Fees and Costs. The proposed hybrid class and collective settlement in this case was preliminarily approved by this Court on May 13, 2011. Pursuant to the Court's Preliminary Approval Order and Notice provided to the Class, the Court conducted a fairness hearing on September 28, 2011. Consistent with the Court's Preliminary Approval Order ("Preliminary Approval Order"), filed and entered May 13, 2011, and as set forth in the Joint Stipulation of Settlement and Release Between Plaintiff and Defendants ("Stipulation" or "Settlement") in the Action, and due and adequate notice having been given to all Class Members as required in the Preliminary Approval Order, and the Court having considered all papers filed, objections submitted, arguments made, and proceedings had herein, and otherwise being fully informed and good cause appearing therefore, it is hereby ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. All terms used herein shall have the same meaning as defined in the Stipulation.

2. This Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all Class Members.

3. Consistent with the definitions provided in the Stipulation, the "FLSA Plaintiffs" shall consist of all persons employed as drivers by Defendants in California between April 2, 2006 and May 13, 2011, who affirmatively opt into the Settlement by cashing a Settlement Award. The "California Class" shall consist of all persons employed as drivers by Defendants in California between April 2, 2006 and May 13, 2011, except for four persons who submitted timely and valid Requests for Exclusion (i.e., opted out of the Settlement) and ten persons whose notices were returned undeliverable with no forwarding address. The FLSA Plaintiffs and the California Class are referred to collectively as the "Settlement Classes" and "Class Member(s)." The Settlement Administrator's records as to who opts in as FLSA Plaintiffs by cashing a Settlement Award, and as to who opts out of the California Class by submitting a valid Request for Exclusion, are final and binding. Following the deadline for cashing the first settlement award

checks, the Parties shall submit a declaration from the Claims Administrator identifying those persons who cashed the first settlement award checks, and thereby affirmatively opted in as FLSA Plaintiffs; upon doing so, all such persons are hereby determined to be FLSA Plaintiffs, and to have released their FLSA claims as provided in the Settlement.

4. Distribution of the Notice directed to the Class Members as set forth in the Stipulation and the other matters set forth therein have been completed in conformity with the Preliminary Approval Order, including individual notice to all Class Members who could be identified through reasonable effort, and the best notice practicable under the circumstances. The ten Class Members whose Notices were returned undeliverable with no forwarding addresses are excluded from the Settlement Classes, are not bound by the Settlement, and will not receive any Settlement Awards. The Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all persons entitled to such Notice, and the Notice fully satisfied the requirements of due process. All Class Members and all Released Claims are covered by and included within the Settlement and this Final Order as provided herein.

5. The Court finds the Settlement was entered into in good faith. The Court approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, adequate and reasonable, and directs the Parties to effectuate the Settlement according to its terms. The Court finds that the Settlement has been reached as a result of intensive, serious and non-collusive arms-length negotiations. The Court further finds that the Parties have conducted extensive and costly investigation and research, and counsel for the Parties are able to reasonably evaluate their respective positions. The Court also finds that Settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of the Action. The Court has reviewed the benefits that are being granted as part of the Settlement and recognizes the significant value to the Class Members. The Court also finds that the Settlement Classes are properly certified as a class action Rule 23(b)(3) and as a collective action under 29 U.S.C. 216(b) of the Fair Labor Standard Act for settlement purposes only. The Settlement is hereby finally approved.

6. As of the date of entry of this Final Order, and except as to such rights or claims as may be created by this Stipulation of Settlement, each Class Member fully releases and discharges Defendants, their present and former parent companies, subsidiaries, related or affiliated companies, shareholders, officers, directors, employees, agents, attorneys, insurers, successors and assigns, and any individual or entity which could be jointly liable with Defendants ("Released Parties"), from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of any nature under state, federal or local law arising out of Plaintiff's causes of action for failure to pay wages and overtime wages under the Fair Labor Standards Act, 29 USC section 201, et seq. (except as set forth below), and for failure to provide meal periods under California Labor Code sections 226.7 and 512 and California Industrial Welfare Commission Wage Order 9-2004, as amended, failure to authorize and permit rest periods under California Labor Code sections 226.7 and 512 and California Industrial Welfare Commission Wage Order 9-2004, as amended, failure to pay wages for hours worked under California Labor Code section 204, et seq., failure to timely pay earned wages under California Labor Code sections 201-203, et seq., unfair, unlawful and fraudulent acts in violation of California Business and Professions Code section 17200, et seq., penalties for violations of the California Private Attorneys' General Act under California Labor Code Sections 2698, et seq., and any other claims whatsoever alleged in this Action, including without limitation all claims for unpaid wages and overtime, class claims, collective claims, representative claims, restitution, injunctive relief, declaratory relief and other equitable relief, liquidated damages, waiting-time penalties, penalties, unfair competition, unlawful business practices, unfair business practices, fraudulent business practices, other compensation or benefits including 401K benefits or matching benefits, retirement or deferred compensation benefits claimed on account of alleged unpaid wages, interest, attorneys' fees and costs, from April 2, 2006 through and including the date of this Final Order ("Released Claims"). Only FLSA Plaintiffs release the FLSA claims; Class Members who did not opt out of the California Class and are not FLSA Plaintiffs (do not cash the first settlement check), do not release the FSLA claims, but release all other Released Claims. The Released Claims do not include workers' compensation claims or any claims arising

out of the employment relationship that are not enumerated as Released Claims, such as wrongful termination, discrimination, harassment or retaliation.  By and through this Settlement each Class Member forever agrees he/she shall not be entitled to pursue, accept or recover damages for any Released Claims against the Released Parties from April 2, 2006 through and including the date of this Final Order.  The Court hereby finds and orders that the Settlement is and constitutes a fair, reasonable and adequate compromise of the Released Claims against Defendants and the Released Parties.

7.      Neither the Settlement nor any of the terms set forth in the Stipulation is an admission by Defendants, or any of the other Released Parties, nor is this Final Order a finding of the validity of any claims in the Action or of any wrongdoing by Defendants, or any of the other Released Parties.  Notwithstanding these restrictions, any of the Released Parties may file in the Action, or submit in any other proceeding, the Final Order, the Stipulation, and any other papers and records on file in the Action as evidence of the Settlement to support a defense of *res judicata*, *collateral estoppel*, release, or other theory of claim or issue preclusion or similar defense as to the Released Claims.

8.      The Court hereby enters judgment, and dismissal of the entire Action with prejudice, as of the filing date of this Final Order, pursuant to the terms set forth in the Settlement.  Without affecting the finality of this Final Order in any way, the Court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement and all orders entered in connection therewith to the fullest extent necessary or convenient to enforce and effectuate the terms of the Settlement and the matters provided for therein.  The Court will retain jurisdiction to enforce the Settlement up to December 31, 2012.

9.      The Court hereby finds the settlement payments provided for under the Settlement to be fair and reasonable in light of all the circumstances.  The Court, therefore, orders the calculations and the payments to be made and administered in accordance with the terms of the Settlement.

10.     The Court hereby confirms the Minami Tamaki LLP and AJ Kutchins as Class Counsel.

11. Pursuant to the terms of the Settlement, and the authorities, evidence and argument submitted by Class Counsel, the Court hereby awards Class Counsel attorneys' fees in the amount of $ <u>350,000</u>, and attorneys' costs and expenses in the amount of $ <u>15,769.16</u>, from the Maximum Settlement Amount as final payment for and complete satisfaction of any and all attorneys' fees and costs incurred by and/or owed to Class Counsel and any other person or entity related to the Action. The Court further orders that the award of attorneys' fees and costs set forth in this Paragraph shall be administered pursuant to the terms of the Settlement and transferred and/or made payable to the Minami Tamaki, LLP and AJ Kutchins as Class Counsel; the allocation of the award of attorneys' fees and costs among Class Counsel is based on a separate agreement between Class Counsel in the Action.

12. Named Plaintiff Ronnie Brooks has applied for compensation for his time and effort spent on behalf of Class Members, the financial losses that he has incurred, and in exchange for his general release of all potential legal claims against Defendants. The Court hereby approves and orders a service award of $ <u>25,000</u> to Plaintiff Ronnie Brooks from the Maximum Settlement Amount for acting as the Class Representative.

13. The Court orders that $10,000 of the Maximum Settlement Amount shall be allocated to Plaintiff's claims under the California Private Attorneys General Act ("PAGA"). Seventy-five percent of this amount, or $7,500, will be paid to the State of California pursuant to the PAGA.

14. The Court confirms the scholarship program of the Truckers United Fraternity, Super Offspring of the Boss (TUFSOB) and the Impact Fund, as the intended cy pres recipients for any potential un-cashed settlement checks; 50 percent will be paid to the scholarship program of the TUFSOB, which is a IRC 501(c)(3) public charity under the federal tax code benefiting employees and children of employees who work for private trucking companies; 50 percent will be paid to the Impact Fund, also an IRC 501(c)(3) entity, which provides support for class actions on behalf of low wage workers.

15. The Court also hereby approves and orders payment from the Maximum Settlement Amount for the actual claims administration expenses incurred by Simpluris, Inc., not

to exceed $26,000.

16. The Court also hereby overrules two objections to the Settlement.

17. The Settlement shall become effective upon the Effective Date as provided in the Stipulation.

18. The Court orders the following payment schedule consistent with the terms of the Settlement, provided the Settlement becomes effective as provided herein:

| | | |
|---|---|---|
| a. | Deadline for Claims Administrator to pay 50 percent of the Settlement Awards (the first check), the Enhancement Award, and the Attorneys' Fees and Costs (if Settlement is Effective) | December 27, 2011<br><br>[60 calendar days after the Effective Date; the earliest possible Effective Date under the Settlement is October 28, 2011, assuming no appeals are filed within 30 calendar days after entry of the Final Order] |
| b. | Deadline for Claims Administrator to Identify FLSA Plaintiffs (i.e., those persons who cashed the first settlement checks) (if Settlement is Effective) | April 25, 2012<br><br>[120 calendar days after first settlement award checks are issues, i.e., 30 calendar days after the expiration date of the first settlement award checks which are valid for 90 calendar days] |
| c. | Deadline for Claims Administrator to pay the final 50 percent of the Settlement Awards (the second check), the Enhancement Award, and the Attorneys' Fees and Costs (if Settlement is Effective) | September 28, 2012 |
| d. | Deadline for Claims Administrator to File Proof of Payment of Settlement Awards, Enhancement Award, Attorneys' Fees and Costs (if Settlement is Effective) | December 27, 2012<br><br>[90 calendar days after the final 50% of the Settlement is paid] |

**IT IS SO ORDERED.**

Dated:   September 29, 2011.

_____
William Alsup
UNITED STATES DISTRICT JUDGE